BUKOWSKI, Administrator, Appellant, vs. MILWAUKEE ELEC-
TRIC RAILWAY & LIGHT COMPANY, Respondent.

*March 19—April 5, 1910.*

*Street railways: Killing of passenger: Negligence of motorman: Di-
rection of verdict.*

1. A person who left a street car and then returned and boarded it
   again after it had started, for the purpose of getting a shovel
   which he had negligently left behind, but without informing
   any one of that purpose, had no right, even if he was still to be
   considered a passenger, to demand that the car stop before it
   reached the next stopping place.

2. Negligence of the motorman is not shown by the fact that he in-
   creased the speed of the car to about six miles per hour while
   such a person was standing in a place apparently free from
   danger, on the front platform or vestibule, holding on to the
   railing of the door, and reaching into the car for his shovel,
   although in some way, when the speed of the car was increased,
   the person fell from the platform and was killed.

3. Great diligence is required of a motorman in the performance of
   his duties, but the very nature of his duties prevents him from
   keeping a close watch in the rear.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Af-
firmed.*

This is an action to recover damages for the death of one
Joseph Miscewski (plaintiff's decedent), caused, as is al-
leged, by the negligence of defendant's employees. A ver-
dict for the defendant was directed by the trial court and the
plaintiff appeals.

The facts, stated most favorably to the appellant, are as
follows: Miscewski, the deceased, was a Polish laboring man,
fifty-two years of age, and of average intelligence. At about
6 o'clock p. m. October 26, 1907, he was a passenger on one
of defendant's street cars in Milwaukee, carrying with him
his shovel, and he alighted from the car as it reached the end
of the line, and started toward his home. After going 100
feet or more he recollected that he had forgotten his shovel

and he started back towards the car.    Meantime the trolley
had been reversed and the car had started on its return trip.
Miscewski jumped on the rear platform of the moving car
after it had gone two or three car lengths, walked rapidly
past the conductor, through the car, shouted "Stop, I want
my shovel!" in Polish, stood in the front vestibule with his
back to the motorman, holding on to the railing on the front
door of the car with his left hand and reaching around into
the car with his right hand for his shovel, which was lying
on a seat, when the motorman applied more electricity, in-
creasing the speed of the car to about six miles an hour, and
in some manner Miscewski fell off from the platform, strik-
ing the pavement with his head, and receiving injuries from
which he died.    His shovel was not removed from the car.

*Harry M. Silber,* for the appellant.

*Clarke M. Rosecrantz,* for the respondent.

Winslow, C. J.   We think the verdict was properly di-
rected.   No negligence on the part of the motorman was
proven.   It is very hard to see how the deceased can be con-
sidered as a passenger, when he returned to the car and
boarded it without informing any one of his purpose; but,
even conceding that he should properly be considered as a
passenger, he certainly had no greater rights than those of a
passenger.   His shovel had been left in the car by reason of
his own negligence.   In boarding the car to regain it he
could at the most demand nothing except that, when the car
reached its next regular stopping place, viz., at the end of
the block, he be let off.   He had no right to demand that it
stop at once.   The negligence alleged is that the motorman
put on more power and jerked the car, thus throwing him
off.   Had the deceased been in a dangerous position, to the
motorman's knowledge, when the latter turned on the power,
there might be ground for the claim; but the evidence is con-
clusive that when the power was turned on the deceased was

standing apparently in a perfectly safe place, to wit, on the front platform or vestibule, holding onto the railing of the door and reaching into the body of the car. There could be no reasonable inference that any injury would happen to a person in such a position merely by reason of an ordinary increase in the speed of the car.

Great diligence is rightly required of a motorman in the performance of his duties; but the very nature of his duties necessarily prevents him from keeping anything like a close watch in his rear. In fact, he must, when his car is moving, keep a close and practically unremitting lookout ahead, so that he may be able to control his car immediately upon the appearance of danger to any one. In these days of rapid transit, crowded streets, and electrically driven cars of great weight, no other rule can be tolerated. Even if the motorman knew that Miscewski was on the car for the purpose of getting his shovel, the inference is just as reasonable as any other that he (the motorman) increased the speed of the car for the purpose of more quickly reaching the proper stopping place at the end of the block, where Miscewski might get off. In this act there could be no negligence, so long as Miscewski was standing in a place apparently entirely free from danger.

*By the Court.*—Judgment affirmed.